UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Judge John W. Darrah |
| v. ) | |
| ) | Case No. 08 CR 1014-2 |
| LORENZO BRADLEY ) | |

PROTECTIVE ORDER TO PRESERVE
PROPERTY SUBJECT TO FORFEITURE

This matter comes before the Court on the application of the United States for entry of a protective order preserving certain property subject to forfeiture, pursuant to the provisions of 21 U.S.C. § 853. The Court being fully advised finds as follows:

(a) On December 10, 2008, law enforcement agents of the Federal Bureau of Investigation ("FBI") seized certain property from defendant LORENZO BRADLEY, including, assorted jewelry items from the defendant's residence located at 6 Cranberry Court, Bolingbrook, Illinois;

(b) On February 26, 2009, an indictment was returned charging defendant and others with violations of Controlled Substances Act pursuant to the provisions of 21 U.S.C. §§ 841, 843 and 846, among other violations. The indictment sought forfeiture of certain property including the foregoing jewelry, because there is probable cause to believe that this property constitutes proceeds of the defendant's narcotics trafficking activities or property that was used or intended to be used to facilitate the defendant's narcotics trafficking activities;

(c) Because an indictment was returned seeking forfeiture of the jewelry as property that constitutes proceeds of defendant's alleged narcotics trafficking activities or property that was used or intended to be used to facilitate defendant's narcotics trafficking activities, the United States has

advised the Court of its intention to proceed against the jewelry pursuant to the provisions of 21 U.S.C. § 853, in lieu of commencing a civil forfeiture action against the property;

(d)     The property is alleged to be subject to forfeiture upon the conviction of the defendant, so entry of an order is necessary to preserve and protect the property to ensure that it is available to satisfy any forfeiture judgment entered by the Court against defendant at the time of sentencing;

(e)     Because the property is in the custody of the United States, and the grand jury has determined that there is probable cause to believe that the assorted jewelry is subject to forfeiture, the government requests that an order be entered allowing it to maintain custody of the seized assorted jewelry pursuant to 21 U.S.C. § 853(e)(1) to preserve the availability of the property for forfeiture. Because the property in question is already in the government's custody, the Court finds it is not necessary to issue a seizure warrant directing the Government to seize property from itself. *See In Re: 2000 White Mercedes* ML320, 220 F.Supp. 1322 (M.D. Fla. Sept. 25, 2001).

(f)     In order to ensure that the property is available for forfeiture proceedings, the United States shall maintain custody of this property. If the seized assorted jewelry are transferred or concealed, it will be difficult, if not impossible, to trace the items that constitute or are derived from proceeds of defendant's alleged narcotic trafficking activities. Further, upon entry of a forfeiture judgment, considering the character of this property, it will not be available to satisfy any forfeiture judgment entered at the time of sentencing against defendant.

Accordingly, it is hereby ORDERED, DIRECTED and ADJUDGED

(g)   That pursuant to 21 U.S.C.§ 853(e)(1), the following property shall be maintained by the United States through the conclusion of the pending criminal case to preserve assorted jewelry items seized on December 10, 2008 from the defendant's residence located at 6 Cranberry Court, Bolingbrook, Illinois so that it is available to satisfy the forfeiture liability of the defendant.

ENTER:

JOHN W. DARRAH
United States District Judge

Date: 5-6-09

-3-